IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NOAH STEFFY                                                                    PLAINTIFF

v.                                    Civil No. 2:19-CV-02040

FORT SMITH, CITY OF, CITY                                                    DEFENDANTS
ADMINISTRATOR CARL GEFFKEN,
JIMMIE DEER, RICK RUTH,
NEIGHBORHOOD SERVICE
SUPERVISOR AND INSPECTORS,
BRANDON HAYNES, ALEX LNU, and
JOHN DOE (City Inspector)

## ORDER

Plaintiff proceeds in this Section 1983 matter *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's Motion for Appointment of Counsel or Motion to Dismiss filed on November 19, 2019. (ECF No. 41). Defendants take no position concerning Plaintiff's request for counsel, but they note his previous request for counsel was denied. (ECF No. 43 at 2). They have no objection to Plaintiff's request to dismiss the case without prejudice. (*Id*.).

To support his request for appointment of counsel, Plaintiff alleges physical difficulties due to a cancer diagnosis, a broken computer, a broken cellphone, and limitations on public library computer usage and unaffordable copy costs. (ECF No. 41). As Plaintiff was previously advised, (ECF No. 11), the Court may appoint counsel for a party proceeding in forma pauperis if, after considering "the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony, and the ability of the plaintiff to present his claim," the Court determines that the plaintiff and the Court "will substantially benefit" from the appointment, *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996), and importantly, if an attorney agrees to the Court's request that the attorney be appointed. 28 U.S.C. § 1915(e)(1). The

Court finds Plaintiff has not met his burden of persuasion and is capable of prosecuting his claims without appointed counsel. The Court also notes that Plaintiff was encouraged to seek out counsel who might accept his case on a contingency fee. (ECF No. 11 at 2). To date, no counsel has entered an appearance on his behalf. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action; thus, the Court cannot force an unwilling attorney to represent Plaintiff in his civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). Plaintiff's Motion for Counsel (ECF No. 41) is therefore **DENIED**.

In the alternative, Plaintiff requests that he be permitted to voluntarily dismiss his case without prejudice. (ECF No. 41 at 1-2). Defendants do not object to his request. (ECF No. 43 at 2). Plaintiff's Motion to Dismiss this case without prejudice (ECF No. 41) is therefore **GRANTED**.

Accordingly, the Clerk is **DIRECTED** to treat this as a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and **DISMISS** this case without prejudice. All pending motions (ECF No's 25, 39) are **DISMISSED** as **MOOT**.

IT IS SO ORDERED this 22nd day of November 2019.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE